UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

GLENN GAROFANO,

                                    Plaintiff,

-against-

THE CITY OF NEW YORK, SERGEANT SEAN
TIERNAN, SHIELD # 4001, JOHN DOES 1-5,

                                     Defendants.

**COMPLAINT**

Jury Trial Demanded

------------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1. This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, in which the plaintiff alleges that the City of New York and officers employed by the New York City Police Department ("NYPD"), in Staten Island, New York, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution by seizing him with without legal justification and bringing him to a hospital emergency room for a psychiatric evaluation and admission, although plaintiff had not committed a crime and had not displayed signs of mental illness requiring an evaluation and confinement. The defendants also entered and searched plaintiff's home in violation of the Fourth and Fourteenth Amendment, as the officers lacked consent, a warrant or legal justification for their actions. In addition, plaintiff asserts claims against the defendants under New York common law, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 -7, for which defendants have no type of legal immunity, including qualified immunity. By letter to plaintiff, dated February 16, 2023, the Civilian Complaint Review Board informed plaintiff that it had substantiated the complaint filed against Sergeant Sean Tiernan for abusing his authority in forcing plaintiff to be removed to a hospital, and

recommend that Tiernan be disciplined.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.   This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.   Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York common law and New York City statutory claims under N.Y.C. Admin. Code §§ 8 – 8802 - 07, which form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

4.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District, specifically Richmond County.

## JURY TRIAL

5.  Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## NOTICE OF CLAIM

6.  In connection with plaintiff's claims brought pursuant to New York State law and New York City law, a notice of claim was duly filed with the City of New York within 90 days of the seizure of plaintiff, more than 30 days have elapsed since such filing, and the City has not adjusted plaintiff's State and City claims.

7.  This action is brought within one year and 90 days of the seizure of plaintiff.

## PARTIES

8.  Plaintiff resides in the State of New York and the State of Nevada.

2

9.   The City of New York is a municipal corporation organized under the laws of the State of New York.

10.   The individual defendants were assigned to the 120th Precinct on the date of the incident.  Only one of the officers has so far been identified, Sergeant Sean Tiernan, as the NYPD never produced anything in response to a Freedom of Information Law request by plaintiff for information and reports on the incident.  The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.  The individual defendants are sued in their individual capacities.

**STATEMENT OF FACTS**

11.   Plaintiff resides in Staten Island, New York, and in the State of Nevada. Plaintiff is partially disabled and has had a hip replacement.  On the date of the incident at issue, plaintiff was 68 years-old.

12.   On March 15, 2022, at approximately 1:30 a.m., in the area of Purdy and Kell Avenues in Staten Island, plaintiff, while taking a walk, partly for the purpose of losing weight as advised by his doctor, was mugged by male assailants.  The muggers took property from plaintiff and assaulted him.

13.   Plaintiff promptly called 911.  When the police arrived, including Sergeant Sean Tiernan, they were disinterested in what happened to plaintiff, a crime victim.  Plaintiff told Sergeant Tiernan and the officers that one of the muggers looked like an individual he once knew, and who he had heard had passed away, but that he was not sure.

14.   Instead of treating plaintiff like a crime victim, Sergeant Tiernan and the other officers seized plaintiff against his will, called an ambulance, and forced plaintiff to be

taken to the emergency room at Richmond University Medical Center for a psychiatric evaluation and admission.

15.   Sergeant Tiernan and/or the other officers misrepresented to the Emergency Medical Technicians and later to medical personnel at Richmond University Medical Center that plaintiff is paranoid and stated to them, "I see dead people."

16.   Plaintiff never said that he sees dead people and he did not displays signs of mental illness, including paranoia, that would have warranted his seizure and removal.

17.   New York Mental Hygiene Law § 9.41 states:

§ 9.41. Emergency assessment for immediate observation, care, and treatment; powers of certain peace officers and police officers. [Effective until July 1, 2024]

> (a) Any peace officer, when acting pursuant to his or her special duties, or police officer who is a member of the state police or of an authorized police department or force or of a sheriff's department may take into custody any person *who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others*. Such officer may direct the removal of such person or remove him or her to any hospital specified in subdivision (a) of section 9.39 of this article, or any comprehensive psychiatric emergency program specified in subdivision (a) of section 9.40 of this article, or pending his or her examination or admission to any such hospital or program, temporarily detain any such person in another safe and comfortable place, in which event, such officer shall immediately notify the director of community services or, if there be none, the health officer of the city or county of such action.

N.Y. Mental Hyg. Law § 9.41 (Consol., Lexis Advance through 2023 released Chapter 1) (emphasis added).

18.   To the defendants and any objective observer, plaintiff did not appear to be mentally ill and did not conduct himself in manner likely to result in serious harm to himself or others.

19.   Plaintiff was evaluated at the hospital by a psychiatrist. Plaintiff was confined by the officers when he was transported to the hospital and at the hospital.

20.   After being evaluated by a psychiatrist, Dr. Amarjit Kaur, plaintiff was discharged on March 15, 2022, because there was no basis for plaintiff to be admitted or confined for psychiatric reasons. The hospital records state, in part, that plaintiff was calm, cooperative, not hallucinating, not in distress, not paranoid, oriented as to person, place and time, and that his thought process was linear and goal oriented.

21.   The same evening, Sergeant Tiernan and/or the other officers entered and searched plaintiff's home in Richmond County, at 158 Kell Avenue, without a warrant, consent or legal justification, with their flashlights turned on, and their police radios blasting.

22.   While inside plaintiff's home, Sergeant Tiernan and/or the other officers alarmed and frightened plaintiff's 95 year-old mother, and plaintiff's sister, who has multiple sclerosis and uses a wheelchair. Sergeant Tiernan and/or the officers told plaintiff's mother and sister that plaintiff is in a mental hospital and "sees dead people."

23.   As a result of the defendants' actions, plaintiff suffered a loss of liberty, emotional distress, fear, embarrassment, humiliation, an invasion of privacy, damage to reputation, and financial loss.

### FIRST CLAIM

**ILLEGAL SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983**

**(Against all Defendants)**

24.   Plaintiff repeats the foregoing allegations.

25.   Defendants, acting in concert and under color of state law, seized plaintiff in violation of the Fourth and Fourteenth Amendments because they lacked reasonable suspicion or

5

probable cause that plaintiff had committed a crime, or that plaintiff appeared to be mentally ill and was conducting himself in a manner likely to result in serious harm to his person or others.

26. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

27. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### FALSE ARREST UNDER THE FOURTH AMENDMENT AND 42 U.S.C. § 1983
#### (Against all Defendants)

28. Plaintiff repeats the foregoing allegations.

29. Defendants, acting in concert and under color of state law, arrested plaintiff without probable cause in violation of the Fourth Amendment.

30. Defendants intended to confine the plaintiff, plaintiff was conscious of his confinement, plaintiff did not consent to his confinement, and plaintiff's confinement was not privileged or lawful.

31. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

32. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## THIRD CLAIM

### UNLAWFUL ENTRY AND SEARCH OF PLAINTIFF'S HOME IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
#### (Against all Defendants)

6

33. Plaintiff repeats the foregoing allegations.

34. Defendants, acting in concert and under color of state law, entered and searched plaintiff's home without a warrant, consent or legal justification, with their flashlights turned on and their police radios blasting, in violation of the Fourth and Fourteenth Amendments.

35. While inside plaintiff's home, Sergeant Tiernan and/or the other officers alarmed and frightened plaintiff's 95 year-old mother, and plaintiff's sister, who has multiple sclerosis and uses a wheelchair. Sergeant Tiernan and/or the other officers told plaintiff's mother and sister that plaintiff is in a mental hospital and "sees dead people."

36. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

37. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### (42 U.S.C. § 1983; FAILURE TO INTERVENE)
### (Against all Defendants)

38. Plaintiff repeats the foregoing allegations.

39. Defendants, acting in concert and under color of state law, had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

40. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

41. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

7

## FIFTH CLAIM

**ILLEGAL SEIZURE & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C. STATUTORY LAW**

**(Against all Defendants)**

42. Plaintiff repeats the foregoing allegations.

43. Defendants, acting in concert, illegally seized plaintiff, and/or failed to prevent such seizure, in violation of New York common law and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 – 07, because defendants lacked probable cause or reasonable suspicion that plaintiff had committed a crime, or that plaintiff appeared to be mentally ill and was conducting himself in a manner likely to result in serious harm to his person or others.

44. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

45. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

46. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SIXTH CLAIM

**FALSE ARREST AND IMPRISONMENT & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C. STATUTORY LAW**

**(Against all Defendants)**

47. Plaintiff repeats the foregoing allegations.

48. Defendants, acting in concert, falsely arrested and imprisoned plaintiff, and/or failed to prevent such, in violation of New York common law and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 – 07, because they lacked probable cause that

plaintiff had committed a crime, or that plaintiff appeared to be mentally ill and was conducting himself in a manner likely to result in serious harm to his person or others.

49. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

50. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

51. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

<u>**SEVENTH CLAIM**</u>

**(ASSAULT, BATTERY & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C STATUTORY LAW)**

**(Against all Defendants)**

52. Plaintiff repeats the foregoing allegations.

53. Defendants, acting in concert, caused plaintiff to apprehend an imminent and harmful or offensive physical contact, and touched and made physical contact with plaintiff in an harmful or offensive manner, without consent or legal justification, and/or failed to prevent these acts, violating plaintiff's rights under New York common law, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 – 07.

54. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

55. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

56. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### EIGHTH CLAIM

**TRESPASS, UNLAWFUL ENTRY AND SEARCH OF PLAINTIFF'S HOME, & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C STATUTORY LAW**

**(Against all Defendants)**

57. Plaintiff repeats the foregoing allegations.

58. Defendants, acting in concert, entered and searched plaintiff's home without a warrant, consent or legal justification, and/or failed to prevent this, with their flashlights turned on and their police radios blasting, in violation of plaintiff's rights under New York common law, specifically trespass, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 – 07.

59. While inside plaintiff's home, Sergeant Tiernan and/or the other officers alarmed and frightened plaintiff's 95 year-old mother, and plaintiff's sister, who has multiple sclerosis and uses a wheelchair. Sergeant Tiernan and/or the officers told plaintiff's mother and sister that plaintiff is in a mental hospital and "sees dead people."

60. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

61. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### NINTH CLAIM

**DEFAMATION, DEFAMATION *PER SE* & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW**

**(Against all Defendants)**

62. Plaintiff repeats the foregoing allegations.

10

63. Defendants, acting in concert, falsely stated to Emergency Medical Technicians and to medical personnel at a hospital that plaintiff was paranoid and stated that he sees dead people.

64. While inside plaintiff's home, defendants misrepresented to plaintiff's mother and sister that plaintiff is in a mental hospital and said he "sees dead people."

65. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

66. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiff requests the following relief jointly and severally against the defendants:

   a.   Compensatory damages in an amount to be determined by a jury;

   b.   Punitive damages in an amount to be determined by a jury;

   c.   Attorney's fees and costs;

   d.   Such other and further relief as the Court may deem just and proper.

DATED:  March 5, 2023

/s/ Richard Cardinale

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1507
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com

11