UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GLENN GAROFANO & MARY GAROFANO,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, SERGEANT SEAN TIERNAN, tax no. 953482, POLICE OFFICER LEILA SHERIDAN, tax no. 971681, POLICE OFFICER JAMES BESIGNANO, tax no. 964926, POLICE OFFICER ABDUL NAYYER, tax no. 968034, DETECTIVE ANDREW BABAJKO, tax no. 947974, DETECTIVE VAUGHAN ETTIENNE, tax no. 928258, SERGEANT CRAIG SPATARO, tax no. 947950, & JOHN DOES 1-2,

                              Defendants.

------------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

1:23-cv-01676-FB-CLP

**Jury Trial Demanded**

## PRELIMINARY STATEMENT

1. This is a civil rights action, brought pursuant to 42 U.S.C. § 1983, in which plaintiff Glenn Garofano alleges that the City of New York and officers employed by the New York City Police Department ("NYPD"), in Staten Island, New York, violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution by seizing him with without legal justification and bringing him to a hospital emergency room for a psychiatric evaluation and admission, although Garofano had not committed a crime, and had not displayed signs of mental illness requiring an evaluation and confinement. Glenn Garofano and his sister, plaintiff Mary Garofano, who suffers from multiple sclerosis, also assert claims against those defendants who entered and searched plaintiffs' home in violation of the Fourth and Fourteenth Amendment, as the officers lacked consent, a warrant or legal justification for their actions. In addition, Glenn Garofano asserts claims against the defendants under New York common law,

and both Glenn and Mary Garofano asserts claims under New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 -7, for which defendants have no legal immunity, including qualified immunity.  By letter to Glenn Garofano, dated February 16, 2023, the Civilian Complaint Review Board informed plaintiff that it had substantiated the complaint he had filed against Sergeant Sean Tiernan for abusing his authority in forcing plaintiff to be removed to a hospital, and that it was recommending that Tiernan be disciplined.  Plaintiffs seek compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.  This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.  Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York common law and New York City statutory claims under N.Y.C. Admin. Code §§ 8 – 8802 - 07, which form part of the same case and controversy as plaintiffs' federal claims under Article III of the United States Constitution.

4.  Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in this District and because the incident in question occurred in this District, specifically Richmond County.

## JURY TRIAL

5.  Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6. In connection with plaintiff Glenn Garofano's claims brought pursuant to New York State law, a notice of claim was duly filed with the City of New York within 90 days of the seizure of plaintiff, more than 30 days have elapsed since such filing, and the City has not adjusted plaintiff's claims.

7. This action is brought within one year and 90 days of the incident at issue

## PARTIES

8. Plaintiff Glenn Garofano resides in the State of New York and the State of Nevada. Mary Garofano resides in New York.

9. The City of New York is a municipal corporation organized under the laws of the State of New York.

10. The individual defendants were assigned to the 120th Precinct or Detective Bureau Staten Island Operations on the date of the incident. Prior to suit being filed, the NYPD never produced anything in response to a Freedom of Information Law request by Glenn Garofano and the undersigned for information and reports on the incident. The individual defendants acted under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein. The individual defendants are sued in their individual capacities.

## STATEMENT OF FACTS

11. Glenn Garofano resides in Staten Island, New York, and in the State of Nevada. Glenn is partially disabled and has had a hip replacement. On the date of the incident at issue, Glenn was 68 years-old. Mary Garofano is 66 years-old and resides in Staten Island,

New York, in the same home as Glenn, along with her mother and sister.  Mary suffers from multiple sclerosis.

12. On March 15, 2022, at approximately 1:30 a.m., in the area of Purdy and Kell Avenues in Staten Island, Glenn Garofano, while taking a walk, partly for the purpose of losing weight as advised by his doctor, was mugged by male assailants.  The muggers took property from Glenn and assaulted him.

13. Glenn promptly called 911.  When the police arrived, including Sergeant Sean Tiernan, Officer James Besignano, Officer Leila Sheridan, Officer Abdul Nayyer, Detective Andrew Babajko, and Detective Vaughan Ettienne, they appeared disinterested in what had happened to Glenn, a crime victim.  Glenn told Sergeant Tiernan and the other defendants that one of the muggers looked like an individual he once knew, and who he had heard passed away, but that he was not sure.  One of the defendants, likely Tiernan, warned Glenn that making a false report is a crime.  According to the website 50-a.org, Detective Etienne is on the "Adverse Credibility" list of officers with credibility problems.  Both Detective Etienne and Detective Babajko have been defendants in several lawsuits.

14. Instead of treating Glenn like a crime victim, Sergeant Tiernan and the other defendants seized Glenn against his will, called an ambulance, and forced Glenn to be taken to the emergency room at Richmond University Medical Center for a psychiatric evaluation and possible admission.  Those defendants who were not involved in the decision to have Glenn brought to the hospital were aware that Glenn's rights were being violated, but they failed to intervene to protect Glenn.  Sergeant Craig Spataro, who may have been on the scene, approved the "aided card" for Glenn, filled out by Officer Sheridan, even though the document stated that Glenn did not pose a threat of harm to himself or others, made no

threats, and did not place himself in a dangerous situation.  If Spataro was not on the scene of the seizure, once he was made aware that there was no basis for Glenn's involuntary hospitalization, he should have taken steps to have Glenn released.

15. Sergeant Tiernan and/or other defendants misrepresented to the Emergency Medical Technicians, and later to medical personnel at Richmond University Medical Center, that Glenn is delusional and/or paranoid, and that Glenn had stated to the police, "I see dead people."  Glenn never said this.

16. Glenn never said that he sees dead people and did not displays signs of a mental illness that would have warranted his seizure and removal.

17. New York Mental Hygiene Law § 9.41 states:

§ 9.41. Emergency assessment for immediate observation, care, and treatment; powers of certain peace officers and police officers. [Effective until July 1, 2024]

> (a) Any peace officer, when acting pursuant to his or her special duties, or police officer who is a member of the state police or of an authorized police department or force or of a sheriff's department may take into custody any person *who appears to be mentally ill and is conducting himself or herself in a manner which is likely to result in serious harm to the person or others*. Such officer may direct the removal of such person or remove him or her to any hospital specified in subdivision (a) of section 9.39 of this article, or any comprehensive psychiatric emergency program specified in subdivision (a) of section 9.40 of this article, or pending his or her examination or admission to any such hospital or program, temporarily detain any such person in another safe and comfortable place, in which event, such officer shall immediately notify the director of community services or, if there be none, the health officer of the city or county of such action.

N.Y. Mental Hyg. Law § 9.41 (Consol., Lexis Advance through 2023 released Chapter 1) (emphasis added).  The seizure was also unauthorized under the NYPD Patrol Guide.

18. Further, as the Second Circuit recently instructed,

5

> Involuntary hospitalization by state actors implicates Fourteenth Amendment rights to substantive and procedural due process and Fourth Amendment rights against unreasonable seizure. Probable cause is a complete defense to an unreasonable seizure claim, *see Provost v. City of Newburgh*, 262 F.3d 146, 157 (2d Cir. 2001), and, in the context of an involuntary hospitalization, it exists 'only if there are reasonable grounds for believing that the person seized is dangerous to h[im]self or to others.' *Anthony v. City of New York*, 339 F.3d 129, 137 (2d Cir. 2003) (internal quotation marks omitted). The substantive due process standard is closely related, as 'due process does not permit the involuntary hospitalization of a person who is not a danger either to h[im]self or to others.' *Rodriguez v. City of New York*, 72 F.3d 1051, 1061 (2d Cir. 1995).

*Lurch v. Chaput*, No. 22-798-pr, 2023 U.S. App. LEXIS 5871, at *2 (2d Cir. Mar. 13, 2023).

19. To the defendants and any objective observer, Glenn did not appear to be mentally ill and did not conduct himself in a manner likely to result in harm or danger to himself or others.

20. Glenn was evaluated at the hospital by a psychiatrist. Plaintiff was confined by defendants when he was transported to the hospital and at the hospital.

21. After being evaluated by the psychiatrist, Dr. Amarjit Kaur, Glenn was discharged on March 15, 2022, because there was no basis for Glenn to be admitted or confined for psychiatric reasons. The hospital records state, in part, that Glenn was calm, cooperative, not hallucinating, not in distress, not paranoid, oriented as to person, place and time, and that his thought process was linear and goal oriented.

22. The same evening, Detective Ettienne, Officer Nayyer, and/or other NYPD personnel, not yet discovered, likely authorized by Sergeant Tiernan, entered and searched plaintiffs' home in Richmond County, at 158 Kell Avenue, without a warrant, consent or legal justification, with their flashlights and police radios on.

23. While inside plaintiffs' home, the officers alarmed plaintiff Mary Garofano, who has multiple sclerosis and uses a wheelchair. and frightened plaintiffs' 95 year-old mother. The officers told them, among other things, that Glenn was in a mental hospital.

24. As a result of the defendants' actions, plaintiffs suffered a loss of liberty, emotional distress, fear, embarrassment, humiliation, an invasion of privacy, damage to reputation, and financial loss.

## FIRST CLAIM

### ILLEGAL SEIZURE UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983
**(Glenn Garofano Against all Defendants)**

25. Plaintiffs repeat the foregoing allegations.

26. Defendants, acting in concert and under color of state law, seized plaintiff Glenn Garofano, in violation of the Fourth and Fourteenth Amendments, because they lacked reasonable suspicion or probable cause that plaintiff had committed a crime or posed a danger to himself or others.

27. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

28. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## SECOND CLAIM

### FALSE ARREST UNDER THE FOURTH AMENDMENT AND 42 U.S.C. § 1983
**(Glenn Garofano Against all Defendants)**

29. Plaintiffs repeat the foregoing allegations.

30. Defendants, acting in concert and under color of state law, arrested plaintiff Glenn Garofano without probable cause in violation of the Fourth Amendment. At no point did plaintiff commit a crime.

31. Defendants intended to confine plaintiff Glenn Garofano, plaintiff was conscious of his confinement, plaintiff did not consent to the confinement, and plaintiff's confinement was not privileged or lawful.

32. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

33. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### THIRD CLAIM

**VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT AND 42 U.S.C. § 1983**

**(Glenn Garofano Against all Defendants)**

34. Plaintiffs repeat the foregoing allegations.

35. Defendants, acting in concert and under color of state law, seized plaintiff Glenn Garofano for an involuntary hospitalization in violation of plaintiff's right to substantive and procedural due process in violation of the Fourteenth Amendment.

36. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

37. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## FOURTH CLAIM

### UNLAWFUL ENTRY AND SEARCH OF PLAINTIFFS' HOME IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS

**(Glenn & Mary Garofano Against all Defendants)**

38. Plaintiffs repeat the foregoing allegations.

39. Defendants Detective Ettienne and Officer Nayyer, acting in concert and under color of state law, entered and searched plaintiffs' home without a warrant, consent or legal justification, with their flashlights and police radios on, in violation of the Fourth and Fourteenth Amendments. It is likely that Sergeant Tiernan approved this. Those defendants who did not enter the home were aware that other defendants were inside the home, but they failed to intervene to protect plaintiffs.

40. While inside plaintiffs' home, defendants alarmed and frightened plaintiff Mary Garofano and plaintiffs' 95 year-old mother.

41. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

42. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

## FIFTH CLAIM

### 42 U.S.C. § 1983; FAILURE TO INTERVENE
**(Glenn & Mary Garofano Against all Defendants)**

43. Plaintiffs repeat the foregoing allegations.

9

44. Defendants, acting in concert and under color of state law, had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights under the Fourth and Fourteenth Amendments, but they failed to fulfill their constitutional obligation to intervene.

45. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

46. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

### SIXTH CLAIM

**ILLEGAL SEIZURE & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C. STATUTORY LAW**

**(Glenn Garofano Against all Defendants)**

47. Plaintiffs repeat the foregoing allegations.

48. Defendants, acting in concert, illegally seized plaintiff Glenn Garofano and/or failed to prevent such seizure, in violation of New York common law and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 – 07, because defendants lacked probable cause or reasonable suspicion that plaintiff had committed a crime, or that plaintiff was mentally ill and conducting himself in a manner likely to result in harm to his person or others.

49. Because the individual defendants were acting within the scope of their employment when they unlawfully seized plaintiff, the City of New York is vicariously liable to plaintiff.

50. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

51. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### SEVENTH CLAIM

**FALSE ARREST AND IMPRISONMENT & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C. STATUTORY LAW**

**(Glenn Garofano Against all Defendants)**

52. Plaintiffs repeat the foregoing allegations.

53. Defendants, acting in concert, falsely arrested and imprisoned plaintiff Glenn Garofano, and/or failed to prevent such, in violation of New York common law and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 – 07, because they lacked probable cause that plaintiff had committed a crime, or that plaintiff was mentally ill and conducting himself in a manner likely to result in harm to his person or others.

54. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

55. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

56. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

### EIGHTH CLAIM

**ASSAULT, BATTERY & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C STATUTORY LAW**

**(Glenn Garofano Against all Defendants)**

57. Plaintiffs repeat the foregoing allegations.

58. Defendants, acting in concert, caused plaintiff Glenn Garofano to apprehend an imminent and harmful or offensive physical contact, and touched and made physical contact with plaintiff in a harmful or offensive manner, without consent or legal justification, and/or failed to prevent these acts, violating plaintiff's rights under New York common law, and New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 – 07.

59. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

60. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

61. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

## NINTH CLAIM

**TRESPASS, UNLAWFUL ENTRY AND SEARCH OF PLAINTIFFS' HOME, & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW AND N.Y.C STATUTORY LAW**

**(Glenn & Mary Garofano Against all Defendants)**

62. Plaintiffs repeat the foregoing allegations.

63. Defendants Detective Ettienne and Officer Nayyer, acting in concert, entered and searched plaintiffs' home without a warrant, consent or legal justification, with their flashlights and police radios on. It is likely that Sergeant Tiernan approved this. Those defendants who did not enter the home were aware that other defendants were inside the home, but they failed to intervene to protect plaintiffs.

64. This conduct violated plaintiff Glenn Garofano's rights under New York common law, specifically trespass, and violated both plaintiffs' rights under New York City statutory laws, N.Y.C. Admin. Code §§ 8 – 8802 – 07.

65.. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiffs.

66. Defendants' conduct caused plaintiffs to suffer various personal injuries, including the injuries described herein.

67. As a result of the foregoing, plaintiffs are entitled to compensatory and punitive damages in an amount to be determined at trial.

### TENTH CLAIM

**DEFAMATION, DEFAMATION *PER SE* & VICARIOUS LIABILITY UNDER N.Y. COMMON LAW**

**(Glenn Garofano Against all Defendants)**

68. Plaintiff repeats the foregoing allegations.

69. Defendants, acting in concert, falsely stated to Emergency Medical Technicians and to medical personnel at a hospital that plaintiff Glenn Garafano was paranoid, delusional and stated that he sees dead people.

70. Defendants' conduct caused plaintiff to suffer various personal injuries, including the injuries described herein.

71. Because the individual defendants were acting within the scope of their employment, the City of New York is vicariously liable to plaintiff.

72. As a result of the foregoing, plaintiff is entitled to compensatory and punitive damages in an amount to be determined at trial.

WHEREFORE, plaintiffs requests the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Attorney's fees and costs;

    d.    Such other and further relief as the Court may deem just and proper.

DATED: August 2, 2023

*/s/ Richard Cardinale*

---

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1507
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com